IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>HENRY D. HOGE, an individual; DOÑA P. HOGE, an individual; PATRICIA HOGE LEWINE, an individual; MICHAEL D. LEWINE, an individual; HENRY D. HOGE AND DOÑA P. HOGE FAMILY TRUST, a trust; HOGE PERSONAL RESIDENCE TRUST, a trust; HENRY D. HOGE, a trustee; and DOÑA P. HOGE, a trustee,<br><br>    Defendants.<br>_____/ | No. C 03-02502 WHA<br><br>**PRELIMINARY INSTRUCTIONS TO BE GIVEN BY THE COURT** |

    After careful consideration of the parties' proposed instructions, the Court has decided to give the following preliminary jury instructions. Any objections or requests for modification must be raised during the final pretrial conference on **SEPTEMBER 19, 2005 AT 2 P.M.**

    **IT IS SO ORDERED.**

Dated: September 15, 2005

                                                       WILLIAM ALSUP<br>                                                       UNITED STATES DISTRICT JUDGE

**PRELIMINARY JURY INSTRUCTIONS**

Members of the jury: Now that you have been sworn in, I will give you some preliminary instructions to guide you in your participation in the trial. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to find from the evidence what the facts are. No matter how much the witnesses or opposing experts may disagree in this case, you and you alone will be the judge of the facts. You will then have to apply to those facts the law as I will give to you. You must follow that law whether you agree with it or not.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

**SUMMARY OF CONTENTIONS**

To help you follow the evidence, I will now give you a brief summary of the positions of the parties. In this case, plaintiff Liberty Mutual Insurance Company alleges that defendants Henry and Doña Hoge fraudulently transferred their 40% interest in residential property located at 691 Vista Court, Redwood City, CA to their daughter and son-in-law, defendants Patricia and Michael Lewine. Plaintiff further seeks damages from the Lewines for diminishing the equity in the property when they refinanced the home in June 2002. Defendants deny these claims.

**EVIDENCE**

Please remember that although both sides disagree on many facts in this case, it is your job to determine what the facts are. The evidence from which you will find the facts will consist of the sworn testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.

Certain things are *not* evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments and questions by lawyers are not evidence.
2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is

improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it. If the objection is sustained, you must ignore the question and must not guess what the answer might have been. If the objection is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must consider it only for that limited purpose and for no other.

3. Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

**BURDEN OF PROOF**

Plaintiff has the burden of proving its claims by what is called the "preponderance of the evidence." That means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put plaintiff's and defendants' evidence on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on its side. You should based your decision on all of the evidence, regardless of which party presented it.

Those of you who have sat on criminal cases will have heard of proof "beyond a reasonable doubt." That requirement does not apply to a civil case; therefore, you should put it

1 out of your mind.  The standard of proof involved in this case is less demanding than the
2 standard used in criminal cases.

### CONDUCT OF THE JURY

Now, I will say a few words about your conduct as jurors.

*First*, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.

*Second*, do not read or listen to anything touching on this case in any way.  If anyone should try to talk to you about it, bring it to the Court's attention promptly.

*Third*, do not try to do any research on your own.  Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes.  But if you do, leave them in the jury room when you leave at night.  And remember that they are for your own personal use.

As you hear the evidence, you may have questions about the facts of the case so you can better understand the case.  If so, write out your question on a form from the clerk and give it to the clerk.  Do this only on an individual basis without any consultation among the jury.  Do not show your note to anyone other than the clerk.

I have found that sometimes jurors are surprised as to what is available and not available to them during their deliberations, so I want to alert you to that now.  At the end of the trial, you will deliberate as a group in the jury room.  You will have the following materials with you in the jury room:

1. All of the exhibits received into evidence;
2. An index of the exhibits if the lawyers are able to stipulate as to its form;
3. A work copy of the jury instructions I will read to you at the end of the case for each of you.  Those instructions will describe the law you are required to apply in this case;
4. A work copy of the verdict form for each of you; and
5. An official verdict form for the jury for the foreperson to fill in.

4

1    Please note that any charts or summary exhibits used in the trial which are not entered into evidence will *not* be in the jury room. Sometimes such charts are merely used to illustrate the testimony of a witness. What counts is the testimony. The chart itself does not come into evidence and will not be in the jury room.

Additionally, there will *not be a transcript* of the trial testimony in the jury room with you. So, please listen carefully and take notes as you feel best.

We are going to do a few things in this case to streamline the trial and to make the proceedings more comprehensible. *First*, time limits have been agreed to by both sides on the evidence and witness time. I will keep tabs on the lawyers to keep them within these limits. *Second*, during the presentation of the evidence, the lawyers will be allowed brief opportunities from time to time to explain what they believe the evidence has shown or what they believe upcoming evidence will show. Such comments are not evidence and are being allowed solely for the purpose of helping you understand the evidence. Of course, at the end of all the evidence, the lawyers will also deliver their final summations.

### ORGANIZATION OF THE TRIAL

The trial will now begin. *First*, each side will make an opening statement. An opening statement is neither evidence nor argument; it is an outline of what that party intends to prove, offered to help you follow the evidence. Next, plaintiff will present its witnesses and defendants may cross-examine them. Then defendants will present their witnesses, and plaintiff may cross-examine them. After the evidence has been presented, the lawyers will make their closing arguments to summarize and interpret the evidence for you, and the Court will give you instructions on the law. You will then retire to deliberate on your verdict.